U.S. Bank, N.A. v Hossain (2018 NY Slip Op 04593)





U.S. Bank, N.A. v Hossain


2018 NY Slip Op 04593


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02768
 (Index No. 19750/10)

[*1]U.S. Bank, N.A., etc., plaintiff, 
v
Sharin A. Hossain, et al., respondents, et al., defendants; Wilmington Trust, National Association, not in its individual capacity but as Trustee for ARLP Securitization Trust Series 2015, nonparty-appellant.


Jeffrey A. Kosterich, LLC, Tuckahoe, NY, for nonparty-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Wilmington Trust, National Association, not in its individual capacity but as Trustee for ARLP Securitization Trust Series 2015 appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered October 9, 2012. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Sharin A. Hossain and Mohammed Z. Hossain, to strike the affirmative defenses raised in their verified answer, and for an order of reference.
ORDERED that the appeal is dismissed, without costs or disbursements.
This action to foreclose a mortgage on residential real property was commenced by U.S. Bank, N.A., Trustee for Servertis Fund I Trust 2009-2 Certificates, Series 2009-2 (hereinafter the plaintiff). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant mortgagors, to strike the affirmative defenses raised in their verified answer, and for an order of reference. Although the parties participated in settlement conferences mandated by CPLR 3408, the Supreme Court denied the motion based on, among other things, the plaintiff's failure to establish its compliance with that statute.
This appeal was taken by notice of appeal dated February 18, 2016, and served on February 19, 2016. The notice of appeal was signed by an attorney from a law firm which identified itself as the attorneys for "Plaintiff's assignee," the assignee being identified as Wilmington Trust, National Association, not in its individual capacity but as Trustee for ARLP Securitization Trust Series 2015 (hereinafter Wilmington Trust). The brief filed in support of the appeal by Wilmington Trust characterizes Wilmington Trust as "Nonparty-Appellant." According to the brief, the subject mortgage was assigned by the plaintiff to Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 2 (hereinafter Christiana Trust), by assignment dated April 19, 2016, and recorded on July 18, 2016. Further, the brief asserts that the mortgage was assigned by Christiana Trust to Wilmington Trust by assignment dated May 18, 2016, and recorded on June 23, 2016.
The appeal must be dismissed as, according to the information provided by the appellant, it was neither a party to the action nor an assignee of a party at the time the appeal was taken (see CPLR 5511).
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court